IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,048

STATE OF KANSAS,
*Appellee*,

v.

AARON M. SAYLER,
*Appellant.*

SYLLABUS BY THE COURT

1.

     Charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does.

2.

     Charging document sufficiency is a question of law subject to de novo review.

3.

     Charging documents need only show that a case has been filed in the correct court, e.g., the district court rather than municipal court; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant.

4.

     Instructional error issues are subject to a multistep analysis: (a) the reviewing court must determine whether it can or should review the issue; (b) the court then must decide whether there was any error at all by considering whether the instruction at issue

1

was factually and legally appropriate; and (c) if error is found, the court assesses whether the error requires reversal.

5.

For jury instruction issues raised for the first time on appeal, the court applies a clear error standard, i.e., the court will not disturb the conviction unless it is firmly convinced that the jury would have reached a different verdict had the instructional error not occurred.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 22, 2014. Appeal from Kingman District Court; LARRY T. SOLOMON, judge. Opinion filed October 27, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Natalie Chalmers*, assistant solicitor general, argued the cause, and *Matthew W. Ricke*, county attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: Aaron M. Sayler appeals his Kingman County conviction for failure to register as an offender under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. He advances two arguments, both premised on his claim that the reason he was required to register in Kingman County—the fact that he resided there—was an essential element of the offense: (1) the trial court lacked subject matter jurisdiction over the prosecution because the charging document failed to allege he resided in Kingman County; and (2) the jury instructions, which similarly failed to require the jury to find he

2

resided in Kingman County, permitted the jury to convict him without finding each element of the offense beyond a reasonable doubt.

A panel of the Court of Appeals rejected both arguments and affirmed the conviction. *State v. Sayler*, No. 110,048, 2014 WL 4231244 (Kan. App. 2014) (unpublished opinion). But after the panel's decision, *State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), made significant changes to the law on charging document sufficiency, the effect of deficient charging documents, and appellate review of deficient charging document claims. Among these, *Dunn* held charging document sufficiency does not implicate state courts' subject matter jurisdiction in criminal cases. 304 Kan. at 810-11.

We ordered supplemental briefs as to what effect, if any, *Dunn* had on Sayler's first issue. Sayler conceded *Dunn* foreclosed his lack-of-jurisdiction claim but argued the charging document still failed to allege facts sufficient to constitute a Kansas crime. We hold the charging document was sufficient because it alleged facts that, if proved beyond a reasonable doubt, would constitute the crime of failing to register under KORA. We further hold there was no error in the jury instructions. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Sayler is a convicted sex offender. He began registering as required under KORA with the Kingman County Sheriff's Office. See K.S.A. 2016 Supp. 22-4905(b) (imposing registration duties on sex offender). In February 2012, Sayler failed to register. The State charged him with violating KORA, alleging he unlawfully

> "after being convicted of Indecent Solicitation of a Child, contrary to K.S.A. 21-3510(a)(1), in Stafford County District Court case 2002 CR 02, an offense defeined [*sic*] as a 'sexually violent crime' by K.S.A. 22-4902(c)(6), failed to comply with any and all provisions of [KORA], including all duties set forth in K.S.A. 22-4905 throught [*sic*]

3

K.S.A. 22-4907, and amendments thereto. Specifically the Defendant failed to register in the month of February 2012, with the Kingman County Sheriff as required by K.S.A. 22-4905(b), based on the Defendant's month of birth being in May, and February being the ninth (9th) month following the Defendant's month of birth. The Defendant having two prior convitions [*sic*] of . . . violating [KORA]."

At trial, Sayler stipulated: "That in the month of February 2012 [he] was a person convicted of a crime that required [him] to register with the Kingman County Sheriff pursuant to [KORA]." Sayler's defense was that his failure to register was inadvertent. The jury was instructed, in relevant part, that to convict Sayler, it was required to find he "failed to register with the Kingman County Sheriff for the month of February 2012, as required by K.S.A. 22-4905(b) . . . ." The jury returned a guilty verdict, and the district court sentenced Sayler to 94 months' imprisonment.

Sayler timely appealed, arguing for the first time that (1) the district court lacked jurisdiction over the case because the charging document was fatally defective; and (2) the jury instructions were clearly erroneous because they did not require the jury to find the reason he was required to register in Kingman County, i.e., he resided there.

The panel rejected Sayler's jurisdictional challenge because he failed to demonstrate "the alleged defect prejudiced his defense, impaired his ability to plead the conviction in a subsequent prosecution, or limited his substantial rights to a fair trial," as was then required to successfully raise such a challenge for the first time on appeal. 2014 WL 4231244, at *3-4. The panel further held the charging document was sufficient because it contained Sayler's Kingman County address in the caption, despite not alleging the particular reason he was required to register in Kingman County. 2014 WL 4231244, at *4. And from this the panel concluded the information was sufficient when read as a whole to confer jurisdiction over the prosecution. 2014 WL 4231244, at *4.

4

The panel also held the jury instructions were not erroneous. The instructions, it noted, were consistent with the then-applicable pattern jury instructions. The panel rejected Sayler's argument that the instructions were deficient because updated pattern instructions would require the jury to find the reason the defendant had a duty to register in a particular county. The panel reasoned that the updated instruction was "substantially similar" to the instruction given at Sayler's trial "and [sought] the same finding from the jury." *Sayler*, 2014 WL 4231244, at *5. In other words, the fact that the two PIK instructions were different does not necessarily make the earlier one deficient. The panel also noted that "even if the prior version . . . was deficient, the deficiency does not rise to the level of clear error that is required for reversal." 2014 WL 4231244, at *5.

We granted Sayler's petition for review on both issues. Jurisdiction is proper. K.S.A. 20-3018(b) (petition for review of Court of Appeals decision); K.S.A. 60-2101(b) (providing Supreme Court jurisdiction over cases subject to review under K.S.A. 20-3018).

SUFFICIENCY OF THE CHARGING DOCUMENT

Sayler argues the charging document was insufficient to charge a KORA registration violation because it failed to allege he resided in Kingman County.

*Standard of Review*

Charging document sufficiency is a question of law subject to de novo review. See *Dunn*, 304 Kan. at 819.

5

*Analysis*

At the time of Sayler's trial and when the panel filed its decision, appellate courts reviewed charging document sufficiency using the framework set out in *Hall*, which established different standards for obtaining relief depending on when the defendant first raised the issue. One of two sets of rules would apply, depending upon whether the defendant (1) raised the issue in the district court before, during, or within 14 days after the trial, or (2) raised it for the first time on appeal. *State v. Hall*, 246 Kan. 728, 764-65, 793 P.2d 737 (1990). A defendant who demonstrated the charging document was insufficient under the applicable framework established there was no subject matter jurisdiction over the prosecution. See 246 Kan. at 765.

In 2016, *Dunn* overruled *Hall*. The *Dunn* court conducted a comprehensive study of historical support for the jurisdictional instrument rule underlying *Hall* and concluded the Kansas Constitution—not charging documents—bestow subject matter jurisdiction on the courts. 304 Kan. at 811. *Dunn* identified three possible types of charging instrument insufficiency:

> "First, either a district or appellate court may be asked to decide whether the document shows that the Kansas constitutional minimums of correct court and correct territory are met. Second, a court may be asked to evaluate whether the document alleges facts about the intent and action on the part of the defendant that, if proved beyond a reasonable doubt, would constitute violation of a Kansas criminal statute. And, third, a court may be asked to determine whether the charging document meets federal and state constitutional standards for due process and notice, such that the defendant has an opportunity to meet and answer the State's evidence and prevent double jeopardy." 304 Kan. at 815.

6

In his supplemental brief, Sayler argues the complaint did not include sufficient facts to charge him with the failure-to-register crime. This implicates the second type of error.

For claims of this type, a "charging document should be regarded as sufficient . . . when it has alleged facts that would establish the defendant's commission of a crime recognized in Kansas." 304 Kan. at 811-12. "[T]he facts alleged, rather than the legal elements regurgitated, determine whether the charge is sufficient under the statute defining the crime." 304 Kan. at 820. Since all crimes are defined by statute, our inquiry is informed by statute. We compare "[t]he legislature's definition of the crime charged . . . to the State's factual allegations of the defendant's intention and action. If those factual allegations, proved beyond a reasonable doubt, would justify a verdict of guilty, then the charging document is statutorily sufficient." 304 Kan. at 812.

K.S.A. 2011 Supp. 22-4903 provides an offender who fails "to comply with any and all provisions of [KORA], including any and all duties set forth in K.S.A. 22-4905 through K.S.A. 22-4907" is guilty, "[u]pon a third or subsequent conviction, [of] a severity level 3, person felony." K.S.A. 2011 Supp. 22-4905(b) requires sex offenders to "report in person four times each year to the registering law enforcement agency in the county or location of jurisdiction in which the offender resides, maintains employment or is attending a school."

The complaint here alleged Sayler had been convicted of a crime for which KORA compliance would be required and that Sayler failed to register with the county sheriff's office at the statutorily appointed time and the date registration was required. These facts are sufficient to constitute the crime of violating KORA's provisions. The basis for the State's allegation that Sayler breached his KORA obligations in a given county can be addressed before trial if there is a question. See, e.g., K.S.A. 22-3201(f) ("When a

7

complaint . . . charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare a defense the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars.").

We further note Sayler could not successfully challenge his conviction by asserting the third type of *Dunn* error and arguing the charging document failed to impart notice that the State believed he was required to register in Kingman County based on his residence there. Sayler stipulated he had a duty to register and based his defense on his subjective intent in failing to do so. As Sayler conceded at oral argument, in this particular case he could not have been prejudiced because he did not dispute his statutory duty to register in Kingman County.

Finally, we acknowledge the State's argument that Sayler failed to preserve this issue for appeal because he did not brief why it can be addressed for the first time on appeal. The State correctly observes we held in *Dunn* that defects in a criminal complaint would be subject to the general rule that an issue may not be raised for the first time on appeal unless it fits a recognized exception. 304 Kan. at 819. But this is a prudential consideration rather than an invariable rule. 304 Kan. at 817. We have chosen to address the issue because Sayler's appeal straddled the period before and after *Dunn* and because we expressly asked the parties to brief *Dunn*'s impact on the merits.

We agree with the panel's outcome on this issue, although our reasons differ because the panel did not have the benefit of *Dunn*.

8

## THE JURY INSTRUCTION

Sayler next challenges the jury instructions, arguing they were clearly erroneous because they committed the same omission as the charging document. The instructions stated in pertinent part:

"The defendant is charged with failure to register as an offender. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant has been convicted of crime which required him to register under the Kansas Offender Act;

"2. The defendant failed to register with the Kingman County Sheriff for the month of February 2012, as required by K.S.A. 22-4905(b); and

"3. That this act occurred on or about the month of February, 2012, in Kingman County, Kansas."

This instruction conformed to the original version of PIK Crim. 4th 63.140, which was applicable at the time of trial.

Sayler advances two arguments on this instructional error issue: (1) clear error should not apply to his case because the omission of an element of the charged crime violates due process and K.S.A. 2016 Supp. 21-5108(a), which require the State to prove beyond a reasonable doubt each required element of the crime; and (2) the jury instruction at issue was not legally appropriate since it did not list all necessary elements of the charged crime.

9

*Standard of Review*

As is well known, instructional error issues are subject to a multistep analysis: (1) the reviewing court must determine whether it can or should review the issue; (2) the court then must decide whether there was any error at all by considering whether the instruction at issue was factually and legally appropriate; and (3) finally, if error is found, the court assesses whether the error requires reversal. *State v. Herbel*, 296 Kan. 1101, 1121, 299 P.3d 292 (2013) (quoting *State v. Williams*, 295 Kan. 506, Syl. ¶ 3, 286 P.3d 195 [2012]). For jury instruction issues raised for the first time on appeal, the court applies a clear error standard, i.e., the court will not disturb the conviction unless it is firmly convinced the jury would have reached a different verdict had the instructional error not occurred. See *Herbel*, 296 Kan. at 1121.

Sayler argues a different standard of review should apply because any error in the instructions would constitute a due process violation, rather than a jury instruction error subject to clear error review. This argument is without merit. See *State v. Daniels*, 278 Kan. 53, 57, 91 P.3d 1147 (2004) (holding clear error review applied to jury instructions' erroneous omission of an element of the charged crime).

*Analysis*

Sayler argues the reason he was required to register in Kingman County was an essential element of his convicted crime and, therefore, the jury instructions were not legally appropriate because they failed to require a finding on that element.

We find it unnecessary to entertain this claim of error on its merits because Sayler cannot establish clear error requiring reversal. We are not firmly convinced the jury's verdict would have differed had it been obligated to find Sayler was required to register

10

in Kingman County because he lived there. Sayler stipulated he was required to register in Kingman County and that stipulation was published to the jury. Moreover, the evidence included a change of address form that Sayler completed at the Kingman County Sheriff's Office one month before failing to register in which Sayler listed an address that he identified as being in Kingman County as his new address.

Affirmed.